IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated,<br><br>     Plaintiffs,<br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>     Defendants. | CV 15-51-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Plaintiffs Peter Byorth ("Byorth") and Ann McKean ("McKean") filed this putative class action against Defendant USAA Casualty Insurance Company ("USAA") in Montana state court. They allege that USAA's "improper cost containment scheme . . . wrongfully deprive[s] Montana consumers of their first-party medical payment benefits. *Cmplt. (ECF 7) at ¶ 1*.[1]

  More specifically, Plaintiffs allege that USAA breached insurance policies, which included medical payments coverage, by failing to pay

---

[1]"ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* References to page numbers are to those assigned by the electronic filing system.

-1-

medical expenses Plaintiffs incurred from injuries. *Id. at ¶¶ 4-13*. They allege that USAA engaged in "sham" file reviews through a third party who Plaintiffs allege would arbitrarily deny or delay recovery of medical payment benefits. *Id. at ¶¶ 1, 7-13*.

Plaintiffs assert the following claims on behalf of themselves and putative class members:

*Count One* – breach of fiduciary duty;

*Count Two* – breach of contract;

*Count Three* – unfair trade practices; and

*Count Four* – punitive damages.

*Id. at ¶¶ 14-26*. Plaintiffs also seek class certification, appointment of Plaintiffs as class representatives, and appointment of their attorneys as class counsel. *Id. at 9*.

Plaintiffs' Complaint ultimately prays for "[a]ctual damages, statutory damages, exemplary/punitive damages, costs and attorney's fees[,] ... an order of disgorgement and/or restitution[,] ... pre-judgment interest ... [and] [s]uch other and further relief as the Court may deem just and proper." *Id. at 9-10*. Plaintiffs' Complaint does not specify the amount of damages sought.

On June 12, 2015, USAA removed the action to this Court. *Notice of Removal (ECF 1)*. Now pending is Plaintiffs' motion to remand. *Mtn. to Remand (ECF 19)*. Plaintiffs maintain that the amount in controversy does not exceed the sum or value of $75,000, as required by 28 U.S.C. § 1332(a). *Brief in Support of Mtn. to Remand (ECF 20) at 3-6*. For the reasons that follow, the Court recommends[2] that Plaintiffs' motion be granted.

## I. THE PARTIES' POSITIONS

### A. USAA's Notice of Removal

In its June 12, 2015 Notice of Removal, USAA stated three grounds for removal: (1) its notice of removal was timely, *ECF 1 at 4*; (2) complete diversity of citizenship exists between the parties, *id. at 4-*

---

[2]The Ninth Circuit recently issued an opinion stating:

> Because a 28 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case, we hold that a motion to remand is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that a remand order cannot be issued by a magistrate judge. Thus, a magistrate judge presented with a motion for remand should provide a report and recommendation to the district court that is subject to de novo review[.]

Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015) (citation and quotation marks omitted).

5; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs, *id. at 5-10*. Respecting the requisite amount in controversy, USAA stated generally that: (1) Plaintiffs' Complaint does not quantify the amount in controversy so USAA has the burden of demonstrating, by a preponderance of the evidence, that the amount exceeds the jurisdictional minimum, *id. at 5*; (2) it may meet its burden through summary-judgment-type evidence that may include reasonable estimates of damages and attorneys' fees or by reference to jury awards in similar cases, *id. at 6*; and (3) if at least one named plaintiff satisfies the amount in controversy requirement, the Court can exercise supplemental jurisdiction over other plaintiffs' claims, *id*.

USAA further noted in its Notice of Removal that the amount in controversy for McKean exceeds $75,000 based on reasonable estimates of damages and attorneys' fees. *Id. at 7*. USAA stated that a reasonable, albeit conservative, damages estimate includes:

(a) $6,886.76 in potential contract damages, *id.*;

(b) non-economic damages for injury, harm, and loss of $38,333.33 based on sample Montana jury awards, *id. at 8*;

(c) punitive damages at a 1:1 ratio to economic damages of $6,886.76, *id.*; and

> (d) attorneys' fees, if this matter were tried to a verdict, of $26,562.50, which reflects a minimum of 125 attorney hours at a average hourly rate of $212.50, *id. at 8-9*.

Added together, these amounts total $78,669.35, USAA noted, which exceeds the jurisdictional minimum. *Id. at 9-10*. Thus, USAA maintained that removal was proper under 28 U.S.C. §§ 1441 and 1446. *Id. at 10*.

B. **<u>Plaintiffs' Motion to Remand</u>**

Plaintiffs advance three arguments in seeking remand: (1) they have filed a stipulation reflecting that neither of them is seeking individual damages, including actual damages, statutory damages, costs and attorneys' fees, in excess of $75,000, and the stipulation "defeats diversity jurisdiction[,]" *Brief in Support of Mtn. to Remand (ECF 20) at 3* (attaching *Stipulation (ECF 21)*); (2) even without the stipulation, McKean's claim would not exceed $75,000 because USAA's attorneys' fees estimate includes fees for work that has not yet been performed and, because this is a putative class action, any fees awarded will be for the entire class so that only McKean's pro rata share can be counted for determining the amount in controversy, *id. at 4-5*; and (3) the Court, in line with the *Brillhart* abstention doctrine,

-5-

should decline jurisdiction because this case involves state insurance issues more appropriately determined by the state courts, *id. at 5-6*.

### C. USAA's Response to Plaintiffs' Motion to Remand

In response to Plaintiffs' motion to remand, USAA argues that: (1) Plaintiffs' post-removal stipulation that their individual damages will not exceed $75,000 is not a proper basis for remand because jurisdiction is determined at the time of removal, *USAA's Resp. Br. (ECF 23) at 3-9*; (2) attorneys' fees, including those reflecting future fees yet to be incurred, are properly included in calculating the amount in controversy, and USAA's estimate in this case reflects fees that may be allocated to litigation of McKean's claims alone, not aggregate fees likely to be incurred by the entire class, so that USAA has met its burden of showing that the jurisdictional minimum has been met, *id. at 10-13*; and (3) *Brillhart* abstention has no application here because there are no parallel state proceedings and Plaintiffs seek monetary relief rather than a declaration of rights, *id. at 13-14*.

### D. Plaintiffs' Reply Supporting Their Motion to Remand

In reply, Plaintiffs first concede that their stipulation, filed after removal, does not divest the Court of jurisdiction. *Pltfs' Reply Br. (ECF*

*24) at 1*. But, they argue, it remains USAA's burden to prove that removal was proper, a burden enhanced by the strong presumption against removal and Plaintiffs' open acknowledgment that they are not seeking the jurisdictional minimum amount. *Id. at 2.*

Second, Plaintiffs argue that USAA's calculation of attorneys' fees is speculative and cannot be used to satisfy its burden of demonstrating the minimum amount in controversy for diversity jurisdiction. They note that the "overwhelming weight of authority" within the Ninth Circuit holds that future attorneys' fees are not to be considered in determining the amount in controversy. *Id. at 2-7*. And, Plaintiffs argue, USAA has failed to properly calculate attorneys' fees for McKean's claims in light of the fact that this matter is a class action. *Id. at 8-10*.

Finally, Plaintiffs acknowledge that *Brillhart* abstention does not control the Court's determination here. Rather, they argue, they referenced *Brillhart* abstention to alert the Court to "the strong policy reasons which further support their Motion for Remand given that this is a Montana-specific insurance law case on behalf of Montana citizens, and therefore this case should, from a policy standpoint anyway, be

entrusted to the Montana courts to resolve." *Id. at 10.*

## II. DISCUSSION

### A. Legal Standard

A civil action's removal from state court to federal court is appropriate if the action originally could have been filed in federal court. 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). There is a "strong presumption" against removal, and the defendant has the burden to establish that removal is proper. *Id.* at 566-67. Any doubts are to be resolved in favor of remand. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

Here, the parties do not dispute that complete diversity of citizenship exists between them, as required by 28 U.S.C. § 1332(a). The only issue is whether the required jurisdictional amount of $75,000 is in controversy. USAA bears the burden of establishing, by a

preponderance of the evidence, that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 567 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Sanchez v. Monumental Life Inc. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Conclusory allegations as to the amount in controversy are inadequate. *Matheson*, 319 F.3d at 1090-91. And, it has long been well-settled that jurisdiction in a diversity case is determined at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938).

Where, as here, it is not apparent from the complaint that the jurisdictional amount has been satisfied, the Court may examine facts and evidence submitted by the parties. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In *Singer*, the Ninth Circuit adopted a procedure used by the Fifth Circuit to determine the type of evidence a court may consider:

> the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'

*Id.* (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

B. **Analysis**

As noted, Plaintiffs disagree only with the inclusion of attorneys' fees yet to be incurred in USAA's damages estimate offered to satisfy its burden of showing that the amount in controversy exceeds $75,000. If the substantive law of the forum state allows attorneys fees to be recovered by a plaintiff, a claim for attorneys fees is to be included in the computation of the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

In Montana, an insured who is forced to assume the burden of a legal action to obtain the full benefit of an insurance contract is entitled to recover attorneys fees under Montana's insurance exception to the American Rule. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1006-07 (9th Cir. 2009). Thus, if McKean prevails on her first-party claim against USAA, she will be entitled to recover attorneys fee incurred in prosecuting this case.

But the question remains whether the amount-in-controversy determination should include only those attorneys fees incurred as of the time of removal, or may properly take into account fees likely to be

incurred through the conclusion of the case. The Ninth Circuit has not addressed this question, and district courts within the circuit are split.[3] *Compare Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, *5-6 (C.D. Cal., Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total amount at stake.") (citations and internal quotation marks omitted) and *Roe v. Teletech Customer Care Management (CO), LLC*, 2007 WL 1655172, *4 (W.D. Wash., June 6, 2007) ("[I]t is the Court's view that a reasonable, informed estimation of fees, based on the various tasks to be accomplished by both sides, and the hourly rates of the attorneys who will conduct those tasks (including *future* attorneys' fees), properly

---

[3]Indeed, in at least one district, the same judge has come to different conclusions on this question in recent decisions issued only three months apart. *Compare Ponce v. Medical Eyeglass Center, Inc.*, 2015 WL 4554336, *3-4 (C.D. Cal., July 27, 2015) ("[T]he Court agrees with defendant that a conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination.") *with Gomez v. CarMax Auto Superstores California, LLC*, 2015 WL 1967078, *2 (C.D. Cal., April 30, 2015) ("This Court agrees with th[e] view that attorneys' fees incurred after removal are not to be included when determining the amount in controversy, which is consonant with the general rules that this amount is determined at the time of removal and must not be too speculative.") (citations omitted).

comprise the evidence that can and should be considered in evaluating the amount in controversy for jurisdictional purposes.") (citation omitted, emphasis in original) *with Reames v. AB Car Rental Services, Inc.*, 899 F.Supp.2d 1012, 1018-21 (D. Or. 2012) (collecting cases and concluding that "it would be inappropriate to include in calculation of the amount in controversy any fees unaccrued and therefore necessarily speculative – at the time removal was effected. . . . [S]etting aside the necessarily speculative nature of any estimate of future attorney fees, it is impossible to devise any workable 'actuarial' formula for determining the amount of attorney fees that may be reasonably anticipated at the time of removal."), *Patrick v. Costco Wholesale Corp.*, 2013 WL 685892, *1 (D. Ariz., Feb. 25, 2013) ("Attorneys' fees may be included in the amount in controversy, however, only if they were incurred prior to the date of removal; future attorneys' fees are too speculative to be included.") (citation omitted) and *Kahlo v. Bank of America*, 2012 WL 1067237, *3 (W.D. Wash., Mar. 28, 2012) ("Given that the amount of future attorneys' fees incurred after the date of removal is entirely speculative and may even be avoided, the Court . . . rejects defendants' inclusion of plaintiff's attorney's fees as speculative and unsupported,

and finds they cannot be included in determining the amount in controversy."). *See also Archibold v. Time Warner Cable, Inc.*, 2015 WL 3407903 (C.D. Cal. 2015)(holding that the better view is that attorneys' fees incurred after the date of removal are not properly included).

The Court is faced with choosing between the foregoing competing lines of authority. Having considered cases on both sides of the issue, the Court concludes that the more reasoned approach – and the approach most consistent with the strong presumption against removal – is the one adopted by the court in *Reames*, which ultimately concluded that "attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes." *Reames*, 899 F.Supp.2d at 1019.

In *Reames*, the U.S. District Court for the District of Oregon, fully adopting a magistrate judge's findings and recommendation, first noted the split among district courts within the Ninth Circuit. But the court also discussed decisions from two other circuit courts of appeal that had some bearing on the issue, as follows:

> In a case first filed in federal court, and thus not raising the question of remand, the Seventh Circuit has reasoned that attorney fees can be "in controversy" for purposes of the diversity-jurisdiction statute only if they accrued as of the

> time the complaint was first filed in the action, based on the proposition that federal jurisdiction necessarily depends on circumstances that pertain at the time an action is filed. *See Hart v. Schering–Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001), *citing Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958–959 (7th Cir. 1998).

*Id*.

The court in *Reames* then quoted extensively from *Gardynski–Leschuck*, noting some of the Seventh Circuit's reasoning for including in the amount-in-controversy calculation only attorneys fees that have already accrued: (1) "unless the amount in controversy was present on the date the [federal] case began, the suit must be dismissed for want of jurisdiction[,]"; (2) the subject attorneys fee "calculation includes the value of legal services that have not been and may never be incurred, and are therefore not 'in controversy' between the parties[,]"; and (3) "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiffs['] demand are not an amount 'in controversy' when the suit is filed." *Id.* at 1019-20 (citations omitted).

The court in *Reames* then observed that the Tenth Circuit, in contrast to the Seventh Circuit but "without analysis," concluded that "a district court did not err when it considered reasonably anticipated

future attorney fees as a part of the 'matter in controversy' for purposes of determining whether the jurisdictional threshold had been exceeded." *Id.* at 1020 (*citing Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)).

Finally, the court in *Reames* noted that "a nascent consensus may be emerging among the district courts of the Ninth Circuit" to conclude "that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes." *Id*. Thus, the court adopted "the rule that attorneys' fees anticipated to be incurred after the date of removal (or, at the latest, after the date a party's motion for remand is decided) are not properly included in calculation of the amount in controversy for jurisdictional purposes." *Id.* at 1021.

The Court finds the reasoning in *Reames* most persuasive on this issue and concludes that "attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes." *Reames*, 899 F.Supp.2d at 1019. Thus, in the case at hand, USAA cannot rely on its estimation that McKean will incur $26,562.50 in attorneys' fees if this matter is tried to a verdict. Without that

amount included in the estimation of the amount in controversy, and without any other evidence showing accrual of attorney fees up to the time of removal, USAA has not met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. This Court lacks jurisdiction and remand is appropriate.

As a final matter, the Court notes that USAA, in its Notice of Removal, included immediately before its conclusion a section styled "REQUEST FOR LIMITED DISCOVERY IF NEEDED." *ECF 1 at 11*. In it, USAA purports to "reserve[ ] the right to seek limited discovery on the issue of diversity jurisdiction, if necessary, as contemplated in *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001)." *Id.* USAA explains the potential need for limited discovery as follows: "For example, in the event Plaintiffs contest whether [USAA] has shown the amount in controversy exceeds $75,000, [USAA] requests limited discovery on that issue." *Id*.

Plaintiffs filed their motion to remand on July 9, 2015. *ECF 19 at 1*. In its response to the remand motion, USAA did not mention this request for limited discovery, nor did it seek additional time for jurisdictional discovery. To date, USAA has not moved to conduct

limited discovery on the diversity jurisdiction question or on any component of it, such as the amount in controversy. As no motion for leave to conduct discovery is pending, the Court need not address the issue.

## III. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' motion to remand (*ECF 19*) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 21st day of August, 2015.

/s/ Carolyn S. Ostby
United States Magistrate Judge