# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>Defendants. | CV 15-51-BLG-BMM<br><br>**ORDER** |

Plaintiffs filed this putative class action in the Montana Thirteenth Judicial District Court, Yellowstone County, on April 24, 2015. Plaintiffs allege that Defendant USAA Casualty Insurance Company (USAA) engaged in an improper cost containment scheme designed to wrongfully deprive Montana consumers of first-party medical payment benefits. (Doc. 7 at 1). Plaintiffs assert claims on behalf of themselves and the putative class members for breach of fiduciary duty, breach of contract, and unfair trade practices. (Doc. 7 at 4-7). Plaintiffs seek an award of actual damages, statutory damages, punitive damages, attorney's fees and costs. (Doc. 7 at 9-10). Plaintiffs' Complaint does not specify the amount of damages sought.

USAA removed this case on diversity of citizenship grounds on June 12, 2015. (Doc. 1). USAA claimed that complete diversity existed between the parties and the amount in controversy for Plaintiff McKean, "based on reasonable estimates of . . . damages and attorneys' fees," exceeded $75,000. (Doc. 1 at 7). USAA stated that a reasonable estimate of Plaintiff McKean's damages and attorneys' fees included:

    a.    potential contract damages in the amount of $6,886.76, *id*.;

    b.    non-economic damages in the amount of $38,333.33 based upon sample Montana jury awards, *id*. at 8;

    c.    punitive damages at a 1:1 ratio to economic damages of $6,886.76, *id*; and

    d.    attorneys' fees, if this matter were tried to a verdict, of $26,562.50, which reflects a minimum of $125 attorney hours at an average hourly rate of $212.50, *id*. at 8-9; (Doc. 1-7 at 3).

These amounts, added together, total $78,669.35.

Plaintiffs moved to remand on July 9, 2015. (Doc. 19). Plaintiffs claim that USAA had failed to show that the amount in controversy for Plaintiff McKean exceeded $75,000. Plaintiffs take issue with USAA's flawed amount in controversy calculation for Plaintiff McKean. Plaintiffs contend that USAA should have limited the attorney fee component of the calculation to fees incurred as of the date of

removal. USAA, instead, included un-accrued fees for prospective legal work that may, or may not, be performed after removal.

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendations in this matter on August 21, 2015. (Doc. 25). Judge Ostby recommended that Plaintiffs' Motion to Remand be granted. Judge Ostby concluded that USAA had failed to show that the amount in controversy exceeded $75,000. (Doc. 25 at 17). USAA filed objections to Judge Ostby's Findings and Recommendations on September 2, 2015. (Doc. 28). Plaintiffs filed a response to USAA's objections on September 4, 2015. (Doc. 29).

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). Upon *de novo* review of the record, the Court finds no error in Judge Ostby's Findings and Recommendations, and adopts them in full.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack jurisdiction unless the record affirmatively shows that jurisdiction exists. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 334 n. 3 (2006). A strong presumption against removal exists. *Moore-Thomas v. Alaska Airlines, Inc.*, 553

F.3d 1241, 1244 (9th Cir. 2009). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Id*.

The amount in controversy should be determined as of the date of removal. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). When the complaint fails to make it facially evident that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party may present "summary-judgment-type" to evidence to show the amount in controversy exceeds $75,000. *Valdez*, 372 F.3d at 1117; *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Attorneys' fees allowed by statute or contract may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). District courts in this Circuit are split as to whether only those attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the amount in controversy also may include reasonable estimates of attorneys' fees that likely would accrue after removal. *See Moisan v. Rite Aid Corporation*, 2015 WL 4945723, *3 (C.D. Cal. Aug. 20, 2015); *Reames v. AB Car Rental Serv., Inc.*, 899 F. Supp. 2d 1012, 1018-1020 (D. Or.

2012). The Ninth Circuit has yet to rule on the issue. It appears that a split may exist among other Courts of Appeal. *See* e.g., *Gardynski-Leschuck v. Ford Motor Company*, 142 F.3d 955, 958-59 (7th Cir. 1998) (post-removal attorneys' fees should not be included in the amount in controversy); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (reasonable estimate of post-removal attorneys' fees may be included in the amount in controversy).

This Court determines the better view to be that attorneys' fees incurred after the date of removal should not be included in the amount in controversy. The amount in controversy should be determined as of the date of removal. *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, *2 (D. Ariz. 2010). Future attorneys' fees have not yet accrued, remain entirely speculative, may be avoided, and, therefore, are not in controversy at the time of removal. *Robinson v. American Airlines, Inc.*, 2015 WL 735661, *4 (C.D. Cal. Feb. 20, 2015); *Dukes*, 2010 WL 94109, at *2.

The inclusion of prospective attorneys's fees in the amount in controversy also would have "a chilling effect on a plaintiff's good faith ability to draft his or her complaint in a way so as to avoid federal jurisdiction." *Curtean-Garland v. Winco Holdings, Inc.*, 2013 WL 3479563, *4 (D. Or. July 8, 2013). A "defendant would be able to defeat a plaintiff's choice of forum simply by proffering

speculative evidence regarding attorneys' fees that may never be incurred or awarded." *Id*.

USAA has provided no evidence as to the amount of attorneys' fees that it incurred as of the date of removal. USAA has failed to show by a preponderance of the evidence that the inclusion of pre-removal fees alone would cause the amount in controversy to reach the $75,000 threshold. Remand is appropriate under the circumstances.

Accordingly, IT IS ORDERED:

1. Plaintiffs' Motion to Remand (Doc. 19) is GRANTED.

2. This case is REMANDED to the Montana Thirteenth Judicial District Court, Yellowstone County, for further proceedings.

DATED this 28th day of September, 2015.

Brian Morris
United States District Court Judge